IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSIE DAVIS, JR., | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| PIZZA HUT OF AMERICA, INC. | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Jessie Davis, Jr. (hereinafter "Plaintiff"), and files this lawsuit against Defendant Pizza Hut of America, Inc. (hereinafter "Defendant"), and shows the following:

## I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 4520 South Cobb Dr., Smyrna GA 30080. Thus, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III.  Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff has worked for the Defendant as a Shift Manager since August 2008.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

**IV.  Facts**

14.

Plaintiff worked for Defendant within the past three years.

15.

During Plaintiff's employment with Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

16.

Plaintiff worked as a Shift Manager.

17.

In that capacity, Plaintiff cooked, cleaned, answered phones, and supervised a delivery driver and a server.

18.

Plaintiff was paid on an hourly basis.

19.

Plaintiff consistently worked more than forty (40) hours in a workweek.

20.

Defendant was aware that Plaintiff worked more than forty (40) hours in a workweek.

21.

When Plaintiff complained about Defendant's failure to pay one and one-half times the regular hourly rate for all hours worked over forty (40) hours in a workweek, Plaintiff was told by Mr. Pat Montgomery, Upper Management, that "The store does not make enough money to pay overtime".

## V.  Violation of the Overtime Wage Requirement of

## the Fair Labor Standards Act.

22.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

23.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per workweek without overtime compensation.

24.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

25.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

26.

Defendant's conduct was willful and in bad faith.

27.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII.  <u>Prayer for Relief</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)     Enter judgment awarding Plaintiff unpaid wages pursuant to the

          FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

          damages as provided by 29 U.S.C. §216, pre-judgment interest on

          unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

          witness fees, reasonable attorneys' fees as provided under FLSA §16

          and all other remedies allowed under the FLSA; and,

(C)     Grant declaratory judgment declaring that Plaintiff's rights have been

          violated;

(D)     Award Plaintiff such further and additional relief as may be just and

          appropriate.

Respectfully submitted the 14th day of February, 2012.

**BARRETT & FARAHANY, LLP**


 /s/Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Jessie Davis, Jr.

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
Telephone: (404) 214-0120
Facsimile:  (404) 214-0125
amanda@bf-llp.com

7